IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TORRIA KAE GONZALEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> USA, ) <br> ) <br> Respondent. ) <br> ) | 8:16CV251 <br><br><br> **MEMORANDUM AND ORDER** |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. The court finds that the Petition must be dismissed.

## BACKGROUND

Petitioner was convicted of conspiracy to distribute methamphetamine and sentenced by this court on November 6, 2012. (Filing No. 1 at CM/ECF p. 24.) Petitioner is currently incarcerated in Fort Worth, Texas.

On or about May 16, 2016, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. (Filing No. 1.) On June 8, 2016, the Northern District of Texas transferred Petitioner's case to this court, finding that Petitioner was seeking to collaterally attack the sentence imposed upon her by this court. (Filing No. 6.) In doing so, the Northern District of Texas noted that "Petitioner admits that she failed to timely file a motion under § 2255 and now seeks relief pursuant to § 2241 by way of the 'savings clause' of § 2255(e)." (*Id.* at CM/ECF p. 1.)

## DISCUSSION

Petitioner seemingly does not challenge the execution of her sentence, but rather its length. She also claims that she received ineffective assistance of counsel. Petitioner requests that the court "recalculate her sentence according to the new sentencing guidelines" because she should have "only been charged with the actual amount [of drugs] she sold." (Filing No. 1 at CM/ECF p. 20.) The type of claims asserted by Petitioner may not be brought in a petition pursuant to § 2241. Instead, "federal prisoners challenging the legality or validity of a conviction or sentence must do so by motion pursuant to 28 U.S.C. § 2255." *Brooks v. Camp*, No. 8:06CV599, 2006 WL 2738950, *1 (D. Neb. Sept. 25, 2006).

As noted by the Northern District of Texas, a narrow exception permits limited use of § 2241 to challenge the validity of a conviction. "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 only if it appears that the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention." *Brooks*, 2006 WL 2738950 at *1. "However, a § 2255 remedy is not considered inadequate or ineffective because a § 2255 motion has previously been denied, because the statute of limitations has expired on a § 2255 claim, or because there are procedural barriers to pursuing relief under § 2255." *Id*.

Petitioner admits that she is time-barred from filing a § 2255 motion. In her Petition, she explains that § 2255 is inadequate to challenge her conviction and sentence because "[she] was not aware [she] could file a § 2255 and by the time [she] was [aware] it was past the year time limit." (Filing No. 1 at CM/ECF p. 5.) Therefore, Petitioner does not fit within the narrow exception which permits use of § 2241 to challenge the validity of a conviction or sentence.

Accordingly,

IT IS THEREFORE ORDERED the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Filing No. 1) is dismissed with prejudice.

DATED this 12th day of September, 2016.

                                          BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          Senior United States District Judge